# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES,
Attorney General of the State of New
York,

              Petitioner,

    -against-

THE TRUMP ORGANIZATION,
INC.; DJT HOLDINGS LLC; DJT
HOLDINGS MANAGING
MEMBER LLC; SEVEN SPRINGS
LLC; ERIC TRUMP; CHARLES
MARTABANO; MORGAN, LEWIS
& BOCKIUS, LLP; and SHERI
DILLON,

              Respondents.

Index No. 451685/2020

**STIPULATION AND
ORDER**

WHEREAS, in this special proceeding, the People of the State of New York, by Letitia

James, Attorney General of the State of New York ("OAG"), have sought judicial resolution

with respect to applications to compel compliance with certain OAG subpoenas by the parties,

including the Trump Organization;[1]

WHEREAS, this Court has made itself available to resolve matters as they have arisen

among the parties, including during testimonial examinations;

WHEREAS, OAG has previously advised this Court that, because of the ongoing nature

of OAG's investigation and the anticipated need for potential judicial resolution of additional

---

[1] The Trump Organization, Inc.; DJT Holdings LLC; DJT Holdings Managing Member LLC; Seven Springs LLC; and any predecessors, successors, present or former parents, subsidiaries, and affiliates, whether direct or indirect (collectively with OAG, the "Stipulating Parties").

issues, it would be beneficial for the Court to retain jurisdiction over this proceeding, and this Court kept the proceeding open;

WHEREAS, disputes have arisen regarding the Trump Organization's document collection and production in response to OAG subpoenas, including the December 27, 2019 subpoena, which by this Stipulation and Order the Stipulating Parties are addressing;

**IT IS HEREBY STIPULATED AND AGREED that:**

1. The Trump Organization, by September 30, 2021, shall provide a report, in reasonable detail, of actions taken to preserve, collect, and produce hard-copy and electronic documents responsive to the OAG subpoenas. The choice of the final form and content of the report is the responsibility of the Trump Organization.

2. The Trump Organization shall work diligently to comply with each of the production and other responsibilities described in Exhibit A to this stipulation.

3. If OAG reasonably concludes, after October 15, 2021 (but no later than December 31, 2021), and so notifies the Trump Organization (setting forth in reasonable detail the basis for its conclusion) that the Trump Organization has not met its obligations to comply with any subpoenas outstanding as of the date hereof, then the Trump Organization will retain, at its expense, an independent third-party e-discovery firm (the "eDiscovery Firm") to oversee the identification, collection, and review of electronically stored information ("ESI") responsive to OAG's subpoenas. The eDiscovery Firm shall be chosen by the Trump Organization, subject to the approval of OAG, such approval to not be unreasonably withheld.

4. If the OAG withholds approval of the eDiscovery Firm chosen by the Trump Organization, and provided that same was not unreasonable, then the Court shall appoint an eDiscovery Firm upon letter application by OAG including suggested appointees from the

2

Stipulating Parties. The Trump Organization shall bear all costs of the eDiscovery Firm's

identification, collection, and examination of ESI in connection with this stipulation.

    5.      An eDiscovery Firm chosen or appointed under paragraphs 3 or 4 shall have the

responsibilities reflected in Exhibit A.

Dated: New York, New York
       September ⅄, 2021

      STIPULATED AND AGREED:

LETITIA JAMES
Attorney General of the State of New York

By:  **Colleen K. Faherty**

      Digitally signed by Colleen K. Faherty
      Date: 2021.09.02 15:58:04 -04'00'

      Colleen K. Faherty
      28 Liberty Street
      New York, New York 10005
      (212) 416-6046

*Counsel for the People of the State of New York*

LAROCCA HORNIK ROSEN & GREENBERG LLP

By:

      Amy D. Carlin
      40 Wall Street, 32nd Floor
      New York, NY 10005
      (212) 530-4835

*Counsel for the Trump Organization*

**SO ORDERED:**

      9/2/2021

Hon. Arthur Engoron, J.S.C.

3

## Exhibit A: eDiscovery Responsibilities

An eDiscovery Firm chosen or appointed under paragraphs 3 or 4 of the stipulation to which this exhibit is attached (or, if no such firm is chosen or appointed, the Trump Organization) shall have the following responsibilities:

1.      To obtain and verify a log of all devices issued to each custodian listed in Exhibit B from January 1, 2014 to December 18, 2020, including, for each custodian, the type of device, a unique identifier for the device (e.g., serial number, inventory tag number), the date issued, the date returned (if applicable), and the current location of the device. OAG acknowledges that on August 26, 2021, the Trump Organization provided the OAG with a log of devices (prepared by Eric Brunnett) issued to certain custodians in response to this request.

2.      To identify all other custodians of hard copy or electronic materials that may be responsive to the OAG subpoenas, such materials to include any appraisals or other valuations, purchase records, and any balance sheets, income statements, general ledgers, financial statements, or similar materials reflecting the value or financial performance of any Trump Organization property whose value is identified in or incorporated into any Statement of Financial Condition, or whose value is identified as being excluded from any Statement of Financial Condition.

3.      To ascertain the likely locations of responsive records, including by means of documented interviews with potential custodians and other current and former Trump Organization personnel (except, with respect to former Trump Organization personnel, where commercially reasonable efforts are unsuccessful in procuring such an interview).

4.      To ensure that one or more backups of Trump Organization data from before or after a data migration that occurred in 2016 is restored to a standalone system where it may be searched.

5.      To perform, against all data collected by the Trump Organization or by the

eDiscovery Firm, in connection with OAG's investigation, searches using search terms provided

by OAG (the "Search Terms"). The Search Terms shall be reasonably related to OAG's ongoing

investigation. The data searches shall follow the following procedures:

    a.  Search Procedures. When OAG provides the Search Terms, the eDiscovery Firm

        shall identify items that result from a search using those terms and create a set of

        production materials (the "Production Materials"). The eDiscovery Firm shall

        then run an additional set of search terms agreed to by the Stipulating Parties to

        identify potentially privileged items (the "Privilege Search Terms"). Any items in

        the Production Materials that do not hit on one of the Privilege Search Terms shall

        be turned over to OAG. Any materials that hit on one of the Privileged Search

        Terms shall be turned over to the Trump Organization. The Trump Organization

        shall have three weeks to identify any items over which the Trump Organization

        concludes a privilege attaches (the "Privilege Review"). The Trump Organization

        shall be entitled to seek to extend, for a reasonable period, the time for it to

        complete the Privilege Review, upon written request to the OAG, consent to

        which shall not unreasonably be withheld by the OAG.  At the conclusion of the

        Privilege Review, the eDiscovery Firm shall produce all remaining items which

        are not subject to a claim of privilege. Two weeks after the conclusion of the

        Privilege Review, the Trump Organization shall provide OAG with a privilege log

        identifying all items over which it asserts privilege with a specific basis for the

        assertion (the "Privilege Log"). The Trump Organization shall be entitled to seek

        to extend, for a reasonable period, the time for it to complete the Privilege Log,

5

upon written request to the OAG, consent to which shall not unreasonably be withheld by the OAG.

b. <u>Clawback Procedures</u>. If the Trump Organization identifies any items in the Production Materials that were not part of the Privilege Review and have been turned over to OAG, that the Trump Organization determines are subject to a claim of privilege, the Trump Organization shall promptly provide notice to OAG along with the basis for the assertion of privilege. OAG shall immediately segregate any such item and delete it from its system. OAG shall further provide confirmation to the Trump Organization that it has taken the steps to segregate and delete any item that is the subject of the notice. If the Trump Organization, within thirty days of production, identifies any items in the Production Materials that are not responsive to an OAG subpoena, they may provide notice to OAG and request segregation and deletion of the document. OAG will not unreasonably withhold consent to any such request. If OAG disagrees with the designation of any item, then the OAG shall promptly notify the Trump Organization of same and begin good faith meet and confer discussions with the Trump Organization to resolve the dispute.  In the event that the dispute is not resolved within 5 business days, either party may apply to the court by letter application for a determination.

c. Upon retention of the eDiscovery Firm the Stipulating Parties agree to negotiate in good faith regarding: (i) the automatic removal and logging of Production Materials containing an individual's non-business, highly sensitive personal information and (ii) deduplication and reasonable steps to avoid the production of information identical to what has already been produced to OAG.

6.     To issue monthly reports to the Stipulating Parties articulating its progress carrying out the responsibilities described herein, and identifying any source of potentially responsive materials to which it has not been provided access.

## Exhibit B: Custodians

1.    Patrick Birney
2.    Troy Bonjavanni
3.    Matthew Calamari
4.    Alex Cannon
5.    David Cohen
6.    Alan Garten
7.    Hal Goldman
8.    Jaclyn Maraynes
9.    Jill Martin
10.   Jeff McConney
11.   Heidi Mitchell
12.   Rhona Graff
13.   Jason Greenblatt
14.   Donna Kidder
15.   Ron Lieberman
16.   David Orowitz
17.   Adam Rosen
18.   Owen Reidy
19.   Joshua Seidner
20.   Debe Stellio
21.   Donald J. Trump
22.   Donald Trump Jr.
23.   Eric Trump
24.   Ivanka Trump
25.   Allen H. Weisselberg