# EXHIBIT F

```
 1   SUPREME COURT OF THE STATE OF NEW YORK

 2   COUNTY OF NEW YORK : CIVIL TERM : PART 37
     ---------------------------------------------X
 3   THE PEOPLE OF THE STATE OF NEW YORK,
     BY LETITIA JAMES, ATTORNEY GENERAL OF THE
 4   STATE OF NEW YORK,

 5                        Petitioner,
                                                   INDEX NO:
 6                                                 451685/2020
                 -against-
 7


 8   THE TRUMP ORGANIZATION, INC.;
     DJT HOLDINGS, LLC; DJT HOLDINGS MANAGING
 9   MEMBER, LLC; SEVEN SPRINGS, LLC;
     ERIC TRUMP; CHARLES MARTABANO; MORGAN,
10   LEWIS & BOCKIUS, LLP; SHERI DILLON; AND
     ALLEN WEISSELBERG,
11
                          Respondents.
12   ---------------------------------------------X
                          VIA SKYPE
13                        New York, New York
                          September 23, 2020
14

15
     B E F O R E:
16
             HONORABLE ARTHUR F. ENGORON, Supreme Court Justice
17

18
     A P P E A R A N C E S:
19
             ATTORNEY GENERAL OF THE STATE OF NEW YORK
20           Attorneys for the Petitioner
             28 Liberty Street
21           New York, New York 10005
             BY:  MATTHEW COLANGELO, ESQ.
22                ERIC HAREN, ESQ.
                  COLLEEN FAHERTY, ESQ.
23                ALEX FINKELSTEIN, ESQ.
                  LOUIS SOLOMON, ESQ.
24                AUSTIN THOMPSON, ESQ.

25                      -continued-
```

*Stefanie Johnson - Senior Court Reporter*

```
 1   A P P E A R A N C E S:   (Cont'd)

 2           LAROCCA HORNIK ROSEN & GREENBERG, LLP
             Attorneys for the Trump Organization
 3           40 Wall Street, 32nd Floor
             New York, New York 10005
 4           BY:  AMY CARLIN, ESQ.
                  LAWRENCE ROSEN, ESQ.
 5

 6           THE TRUMP ORGANIZATION
             725 Fifth Avenue
 7           New York, New York 10022
             BY:  ALAN GARTEN, ESQ.
 8

 9           ALAN S. FUTERFAS, ESQ.
             Attorney for Eric Trump
10           565 Fifth Avenue, 7th Floor
             New York, New York 10017
11

12           MORGAN LEWIS & BOCKIUS, LLP
             1701 Market Street
13           Philadelphia, Pennsylvania 19103
             BY:  NATHAN J. ANDRISANI, ESQ.
14                ZANE D. MEMEGER, ESQ.
                  TIMOTHY J. STEPHENS, ESQ.
15

16           GEORGE J CALCAGNINI, ESQ.
             Attorney for Charles Martabano
17           376 Route 202
             Somers, New York 10589
18

19           ZUCKERMAN SPAEDER, LLP
             Attorneys for Sheri Dillon
20           1800 M Street, N.W., Suite 1000
             Washington, D.C. 20036
21           BY:  GRAEME W. BUSH, ESQ.
                  CATHERINE S. DUVAL, ESQ.
22

23

24                      Stefanie Johnson
                      Senior Court Reporter
25
```

|     | Proceedings | 3 |
|-----|-------------|---|

1  THE COURT: Good morning and welcome, parties,
2  counsel, and anyone else following these proceedings. My
3  name is Arthur Fredrickson Engoron and I am a New York
4  State Supreme Court justice presiding virtually over
5  Part 37 of the Supreme Court New York County, located at
6  60 Centre Street, New York, New York.
7  In the present case titled the People of the
8  State of New York by Letitia James, Attorney General of
9  the State of New York, against the Trump Organization,
10  Inc.; DJT Holdings, LLC; DJT Holdings Managing Member,
11  LLC; Seven Springs, LLC; Eric Trump; Charles Martabano;
12  Morgan, Lewis, & Bockius; Index Number 451685/2020,
13  brought pursuant to Executive Law 63(12), the Attorney
14  General referred to in all the papers as OAG, as in
15  office of the Attorney General, who I will refer to as
16  the AG, seeks to compel the respondents to appear to be
17  deposed, that is, to answer questions under oath and/or
18  to turn over documents analog or digital. The AG is
19  conducting a confidential ongoing civil investigation
20  into potential fraud and legality.
21  I also preside over special proceedings brought
22  pursuant to Real Property Action and Proceedings Law
23  Section 881, pursuant to which the owner of real property
24  seeks access to an adjoining property to construct or
25  repair a building. If the adjoining property owner

Proceedings

1    refuses to grant access or license to this, this Court
2    has the power to grant a license.  The adjoining property
3    owner often complains "I don't want a tall building next
4    to me, I did nothing wrong," and I typically respond,
5    "Nobody wants a tall building next door and we know you
6    did nothing wrong."
7               Well, here nobody wants the AG to investigate
8    him or her or it.  The law and I certainly presume no
9    fraud and/or illegality.  However, as Justice Oliver
10   Wendell Holmes Junior said, "Taxes are the price we pay
11   for civilization."  Well, investigations and prosecutions
12   are not a price we pay for civilization.  The AG has the
13   right to conduct this investigation.
14               As an old saying has it, The law is entitled to
15   every person's evidence.  Those being investigated have
16   rights too.  One is the right to confidentiality that the
17   law provides to a client's communication with his, her,
18   or its attorney seeking legal advice for a lawful purpose
19   and this is known as the attorney-client privilege, a
20   well-established and bedrock principle that a client
21   receive confidential, complete, and competent advice from
22   their attorneys without fear of disclosure.  Attorney
23   work product, essentially the thought processes of an
24   attorney, is also immunized from disclosure as the
25   attorney prepared for litigation and/or for trial.

Proceedings

38

1    was valued at $21 million.  It was taken for that, your
2    Honor.
3            I don't really understand what the AG's office
4    is looking for beyond what they have and what we've given
5    to them already.  There's no dispute that the deduction
6    was for 21.1 million.  They have the tax returns.  They
7    have the tax returns for the Seven Springs entity.  Those
8    tax returns clearly reflect the $21.1 million donation.
9    They have the Form 1065.  They have the Schedule K-1s
10   listing all of the ownership interest.  They have the
11   Schedule M-3 showing the net income or loss on
12   reconciliation, which specifically expressly includes the
13   $21.1 million charitable donation.  It had the Schedule A
14   attached to that.  They had the Schedule M-3, which also
15   spells out the $21.1 million donation.  And they have the
16   Schedule K-1 that is issued to the partners of Seven
17   Springs.
18           Again, your Honor, we've been very cooperative
19   with the Attorney General throughout this investigation.
20   They think something is there that's not there.  They
21   don't have to believe us, we understand they have a right
22   to investigate this, but the question is ultimately how
23   did the Trump Organization value the Seven Springs
24   property in their statement of financial condition.
25   There's no dispute that we valued it at exactly what the

                                                                61
                              Proceedings

1   that.
2            At the time Eric Trump was being represented by
3   counsel for the Trump Organization, which is still the
4   same counsel, obviously, on this call.  Excellent,
5   excellent counsel, but they're representing the
6   organization.  That was sometime in mid July.  Toward the
7   end of July, it was decided, I think correctly, that new
8   counsel come on board for Mr. Eric Trump, which we did.
9   I did, Mr. Mukasey did, and that resulted in a series of
10  letters back and forth, a couple of letters back and
11  forth with respect to our position and some questions to
12  the Attorney General to the nature and scope of their
13  investigation, whether they're sharing materials, things
14  like that.  Your Honor has the letters before you.
15           The bottom line is where we are today is this,
16  your Honor, Mr. Mukasey and I -- there is a massive
17  amount of material that is involved in this
18  investigation, as your Honor has just heard.  Your Honor
19  has been listening to lawyers for one hour and 50
20  minutes.  Your Honor has heard about thousands, if not
21  hundreds of thousands, of documents being turned over.
22           Mr. Mukasey and I need time to prepare
23  Mr. Trump, we need to work with him and prepare him for
24  testimony.  Obviously, we're willing for him to -- as
25  we've written to the Court and as we asserted to the

62

Proceedings

1	Attorney General, we're happy for him to sit down and be
2	deposed, but we need time to go through these materials.
3	We need time to prepare our client.  And I think, as the
4	world knows, there is an election going on in about four,
5	five weeks in this country.  Mr. Trump, Eric Trump, is a
6	vital and integral part of that and he is traveling just
7	about seven days a week, if not, in fact, seven days a
8	week.

9	What we proposed in our papers and what we
10	proposed to Mr. Colangelo is this.  We know the Attorney
11	General has depositions into October.  By the time other
12	depositions will go -- we're fairly confident there are
13	depositions that the attorney will be taking in October.
14	The election is November 3rd.  What we did is proposed
15	some dates after November 3rd when we'll have time to
16	meet with Eric Trump, the time for Mr. Mukasey and I to
17	review the voluminous materials, prepare him and be ready
18	for a deposition.  That's all we asked for, your Honor.
19	I think it's reasonable under all the circumstances.  And
20	it was also reasonable, I think, also for Mr. Eric Trump
21	to get independent counsel just for him alone, which he
22	did, and so we're trying to do that and properly fulfill
23	that obligation and fulfill that duty.  That's our only
24	request, your Honor, to have the deposition after --
25	basically, any point after November 3rd.

1   review.  All documents submitted to the Court should be
2   Bates stamped with a privilege log that includes a place
3   for the Court to mark its individual rulings.
4              Now, I am going to change a word here, a word
5   there, but in a "that," but in a "hereby," absolutely not
6   changing the substance.  You got it all.  I just want
7   this to be as well written and unambiguous as possible.
8   After I do that, I'll get this done today, I will sign it
9   and upload it to NYSCEF, New York State Court Electronic
10  Filing System, and it should be public that way.
11             If anybody wants to say anything briefly, I'll
12  listen.  I think I've done all I can do.  I'm listening.
13             MS. GREENFIELD:  We are going to give you all
14  our cell phone numbers as the EBTs get scheduled.
15             THE COURT:  I'm here every day.  I don't break
16  for lunch.  You can call me any time, you're 97 percent
17  sure to get me.
18             *(Proceedings concluded.)*
19                    *    *    *    *
20         C E R T I F I C A T I O N
21           **It is hereby certified that the foregoing is**
    **a true and accurate transcript of the original**
22  **stenographic minutes taken of this proceeding.**
23
24
25             _____
              **STEFANIE JOHNSON**
              **Senior Court Reporter**

*Stefanie Johnson - Senior Court Reporter*