# EXHIBIT A

INDEX NO. 451685/2020
NYSCEF DOC. NO. 656
RECEIVED NYSCEF: 02/28/2022
UNASSIGNED

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of NewYork, | Index No. 451685/2020 |
| Petitioner-Respondent, | **Notice of Appeal** |
| -against- | |
| THE TRUMP ORGANIZATION, INC.; DJT HOLDINGS LLC; DJT HOLDINGS MANAGING MEMBER LLC; SEVEN SPRINGS LLC; ERIC TRUMP; CHARLES MARTABANO; MORGAN, LEWIS& BOCKIUS, LLP; SHERI DILLON, MAZARS USA LLC, DONALD J. TRUMP, DONALD TRUMP, JR. and IVANKA TRUMP, | |
| Respondents-Appellants. | |

PLEASE TAKE NOTICE that Respondent, Donald J. Trump, by and through his attorneys, Fischetti & Malgieri and Habba Madaio & Associates LLP, and Respondents Donald Trump, Jr., and Ivanka Trump, by and through their attorneys, the Law Offices of Alan S. Futerfas, hereby appeal to the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, from an Order of the Supreme Court, New York County, dated February 17, 2022.

1

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 3 of 21

Dated: New York, New York
February 28, 2022

_/s/ Ronald P. Fischetti_____

Fischetti & Malgieri
565 Fifth Avenue, 7th Fl
New York, New York 10017

*Attorneys for Respondent*
*Donald J. Trump*

_/s/ Alina Habba, Esq._____

Habba Madaio & Associates LLP
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
and
112 West 34th Street, 17th & 18th Floors
New York, New York 10120

*Attorneys for Respondent*
*Donald J. Trump*

_/s/ Alan Futerfas_____

Alan S. Futerfas
Law Offices of Alan S. Futerfas
565 Fifth Avenue, 7th Fl
New York, NY 10017

*Attorneys for Respondents Donald J.*
*Trump, Jr., and Ivanka Trump*

2

# Supreme Court of the State of New York
# Appellate Division: First        Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, Petitioner-Respondent, <br><br> - against - <br><br> DONALD J. TRUMP, DONALD TRUMP, JR. and IVANKA TRUMP, Respondents-Appellants. | Date Notice of Appeal Filed <br><br> For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☐ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ■ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ■ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ■ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| | | | |
|---|---|---|---|
| Court: | Supreme Court | County: | New York |
| Dated: | 2/17/2022 | Entered: | 2/28/2022 |
| Judge (name in full): | Hon. Arthur F. Engoron | Index No.: | 451685/2020 |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | | Trial: ☐ Yes ■ No  If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?    ☐ Yes ■ No

If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| | |
|---|---|
| Commenced by: ☐ Order to Show Cause ■ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: 1/3/22 & 2/14/22 |

Statute authorizing commencement of proceeding in the Appellate Division:
CPLR § 5701

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| | | |
|---|---|---|
| Court: | Choose Court | County: Choose County |
| Judge (name in full): | | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| | | |
|---|---|---|
| Court: | Choose Court | County: Choose County |
| Judge (name in full): | | Dated: |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description:  If an appeal, briefly describe the paper appealed from.  If the appeal is from an order, specify the relief requested and whether the motion was granted or denied.  If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding.  If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

The Supreme Court entered an Order denying Respondent-Appellants' Motion to quash subpoenas served by the Office of the Attorney General or, in the alternative, grant a stay pending resolution of the criminal investigation.

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

(1) Whether the Office of the Attorney General (OAG) -- a law enforcement agency in New York actively participating in a criminal prosecution where a grand jury is impaneled and is targeting certain people and circumstances -- violates the rights of those same targeted people under the New York Constitution and CPL 190.40 when it simultaneously requests their testimony under the guise of a supposedly administrative "office" subpoena;

(2) Whether, as envisioned by the OAG, New York's constitutional and statutory grand jury protections can be easily avoided, indeed, eviscerated, if the same agency involved in the criminal investigation simply opens a "civil" investigation into the very same matters;

(3) Whether the Supreme Court erred in questions of fact and law in holding that AG Letitia James and her Office did not engage in impermissible selective prosecution.

## Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|---|---|---|---|
| 1 | Donald J. Trump, | Respondent | Appellant |
| 2 | Donald Trump, Jr. | Respondent | Appellant |
| 3 | Ivanka Trump | Respondent | Appellant |
| 4 | The Office of the Attorney General | Petitioner | Respondent |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

## Attorney Information

Instructions:  Fill in the names of the attorneys or firms for the respective parties.  If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided.  In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

Attorney/Firm Name: Law Offices of Alan S. Futerfas (representing Donald Trump, Jr. and Ivanka Trump)

Address: 565 Fifth Ave, 7th Fl.

| City: New York | State: NY | Zip: 10017 | Telephone No: 212-684-8400 |
|---|---|---|---|

E-mail Address: asfuterfas@futerfaslaw.com

Attorney Type:  ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Attorney/Firm Name: Fischetti & Malgieri (representing Donald J. Trump)

Address: 565 Fifth Avenue, 7th Fl

| City: New York | State: NY | Zip: 10017 | Telephone No: (212) 593-7100 |
|---|---|---|---|

E-mail Address: rpfischetti@gmail.com

Attorney Type:  ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Attorney/Firm Name: Habba Madaio & Associates LLP (representing Donald J. Trump)

Address: 112 West 34th Street, 17th & 18th Floors

| City: NEW YORK | State: NY | Zip: 10120 | Telephone No: 908-869-1188 |
|---|---|---|---|

E-mail Address: ahabba@habbalaw.com

Attorney Type:  ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Attorney/Firm Name: Letitia James, as Attorney General for the State of New York

Address: 28 Liberty Street

| City: New York | State: NY | Zip: 10005 | Telephone No: 212.416.6046 |
|---|---|---|---|

E-mail Address: Kevin.Wallace@ag.ny.gov; Colleen.Faherty@ag.ny.gov

Attorney Type:  ☐ Retained   ☐ Assigned   ■ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Attorney/Firm Name:

Address:

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type:  ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Attorney/Firm Name:

Address:

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type:  ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above) See Attorney/Firm Field

Informational Statement - Civil

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 8 of 21

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
PEOPLE OF THE STATE OF NEWYORK, by
LETITIA JAMES,

Attorney General of the State of NewYork,

               Petitioner,

      -against-

THE TRUMP ORGANIZATION, INC.; DJT
HOLDINGS LLC; DJT HOLDINGS
MANAGING MEMBER LLC; SEVEN
SPRINGS LLC; ERIC TRUMP; CHARLES
MARTABANO; MORGAN, LEWIS&
BOCKIUS, LLP; SHERI DILLON, MAZARS
USA LLC, DONALD J. TRUMP, DONALD
TRUMP, JR. and IVANKA TRUMP,

               Respondents.

Index No. 451685/2020

**Notice of Entry**

PLEASE TAKE NOTICE that the within is a true copy of the Decision and Order of the

Hon. Arthur F. Engoron dated February 17, 2022 that was entered in the Supreme Court, New

York County Clerk's Office on February 17, 2022.

Dated: New York, New York
      February 28, 2022

               _/s/ Alan Futerfas_
               Alan S. Futerfas
               Law Offices of Alan S. Futerfas
               565 Fifth Avenue, 7th Fl
               New York, NY 10017

               *Attorneys for Respondents*
               *Donald J. Trump, Jr., and Ivanka Trump*

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ARTHUR ENGORON** | **PART** 37 |
| | *Justice* | |

--------------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK, BY
LETITIA JAMES, ATTORNEY GENERAL OF THE STATE
OF NEW YORK,

                    Petitioner,

           - v -

THE TRUMP ORGANIZATION, INC., DJT HOLDINGS LLC,
DJT HOLDINGS MANAGING MEMBER LLC, SEVEN
SPRINGS LLC, ERIC TRUMP, CHARLES MARTABANO,
MORGAN, LEWIS & BOCKIUS LLP, SHERI DILLON,
DONALD J. TRUMP, IVANKA TRUMP, and DONALD
TRUMP, JR.,

                    Respondents.

--------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 451685/2020 |
| **MOTION DATE** | 01/26/2022 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, 646, 647, 648, 649, 650, 651

were read on this motion to                       QUASH SUBPOENAS           .

Upon the foregoing documents, it is hereby ordered that the motion by respondents Donald J. Trump, Ivanka Trump, and Donald Trump, Jr. to quash subpoenas issued by petitioner is denied, and petitioner's cross-motion to compel is granted.

Background

The instant special proceeding arises out of an investigation commenced by petitioner, the People of the State of New York, by Letitia James, Attorney General of the State of New York (hereinafter, "OAG"), into the financial practices of respondent the Trump Organization, its employees, and its affiliates.

451685/2020  PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 008

Page 1 of 8

Specifically, OAG is investigating whether respondents misstated the value of certain assets on annual financial statements, loan applications, tax submissions, and other official documents, and whether respondents made other material misrepresentations to third parties to secure favorable loan terms and insurance coverage and to obtain tax and other economic benefits.

OAG now claims that it has identified additional facts indicating that the aforesaid documents and others under investigation contain material misstatements and omissions and are materially inconsistent. OAG further states that to determine who is responsible for such alleged misstatements and omissions, it requires the testimony and evidence sought in subpoenas issued to newly joined respondents, Donald J. Trump, Ivanka Trump, and Donald Trump, Jr. (hereinafter, "the New Trump Respondents").

The New Trump Respondents now move to quash the subpoenas or, in the alternative, to stay their enforcement until the conclusion of OAG and/or the Manhattan District Attorney's criminal investigations and/or any other prosecutions of the Trump Organization. OAG now cross-moves to compel compliance with the subject subpoenas.

More than a year ago, at the outset of this special proceeding, this Court held that OAG's investigation, undertaken pursuant to New York Executive Law § 63(12), was lawful. The New Trump Respondents now ask this Court to re-examine the lawfulness of the investigation, arguing that OAG is using the existence of parallel civil and criminal investigations to circumvent the New Trump Respondents' rights under the United States and New York State Constitutions and New York statutory law.

Since this Court last issued a substantive Decision and Order in this case, the nature of OAG's investigation has expanded from purely civil to a civil/criminal hybrid. In a letter dated January 29, 2021, OAG informed the New Trump Respondents and respondent Eric Trump that the evidence reviewed to date could lead to criminal liability and prompt OAG to open a criminal investigation or make a criminal referral. NYSCEF Doc. No. 571. Subsequently, in a letter dated April 27, 2021, OAG informed the New Trump Respondents that "in addition to [OAG's] ongoing civil investigation, [OAG] is also engaged in a criminal investigation." NYSCEF Doc. No. 572.

Additionally, OAG has made numerous public statements confirming its ongoing assistance to the Manhattan District Attorney's criminal investigation into the Trump Organization. See, e.g., Statement from Attorney General James on Criminal Indictment of Trump Organization and CFO Weisselberg. https://ag.ny.gov/press-release/2021/statement-attorney-general-james-criminal-indictment-trump-organization-and-cfo, last accessed February 16, 2022.

Discussion

The New Trump Respondents seek two alternative forms of relief: (1) quashing the subpoenas, on the ground that the hybrid civil/criminal investigation conducted by OAG is inherently unconstitutional and, therefore, the tools normally available to OAG (here, its subpoena power) are being used unlawfully; and (2) a stay of the civil investigation until the conclusion of any criminal investigations on the ground that a stay is necessary to protect the New Trump Respondents' constitutional rights.

451685/2020  PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 008

Page 2 of 8

92 of 187

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 11 of 21

The Constitutional Arguments

Both the United States Constitution and the New York State Constitution, following in the footsteps of deep-rooted Anglo-Saxon law, guarantee that no witness may be compelled to give testimony that will incriminate himself or herself.

Additionally, New York Criminal Procedure Law 190.40 provides that:

> 1. Every witness in a grand jury proceeding must give any evidence legally requested of him regardless of any protest or belief on his part that it may tend to incriminate him.

> 2. A witness who gives evidence in a grand jury proceeding receives immunity unless:

> (a) He has effectively waived such immunity pursuant to section 190.45; or

> (b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive.

> (c) The evidence given by the witness consists only of books, papers, records or other physical evidence of an enterprise, as defined in subdivision one of section 175.00 of the penal law, the production of which is required by a subpoena duces tecum, and the witness does not possess a privilege against self-incrimination with respect to the production of such evidence. Any further evidence given by the witness entitles the witness to immunity except as provided in subparagraph1 (a) and (b) of this subdivision.

The New Trump Respondents argue that OAG is "endeavor[ing] to bypass the grand jury protections of New York's Constitution and CPL 190.40." NYSCEF Doc. No. 642 at 8. In support thereof, the New Trump Respondents assert that the issuance of civil subpoenas while a criminal investigation is ongoing allows OAG to extract information from them under the guise of a civil proceeding without OAG's having to offer them the immunity that a grand jury setting would afford them.

This argument completely misses the mark. Neither OAG nor the Manhattan District Attorney's Office has subpoenaed the New Trump Respondents to appear before a grand jury. Indeed, OAG affirms in its reply that it is not conducting a grand jury investigation of respondents. NYSCEF Doc. No. 645 at 2. Furthermore, New York prosecutors do not call the subjects of their criminal investigations to testify before grand juries about their suspected criminal conduct without first securing an immunity waiver. See Carey v Kitson, 93 AD2d 50, 64 (2nd Dep't 1983) (stating in dicta that that case "should again serve as a reminder to law enforcement officials of the consequences of calling a witness before a Grand Jury without obtaining a waiver of immunity"). There is no evidence to support the New Trump Respondents' suggestion that, in the absence of a

451685/2020  PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 008                                                    Page 3 of 8

143 of 1807

[FILED: NEW YORK COUNTY CLERK 02/28/2022 04:00 AM]
NYSCEF DOC. NO. 656
Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 12 of 21
RECEIVED NYSCEF: 02/28/2022

parallel civil investigation, OAG would have been forced to subpoena the New Trump Respondents to appear before a grand jury, in which case they would have been entitled to immunity under CPL 190.40.

The New Trump Respondents' reliance on United States v Kordel, 397 US 1, 10 (1970), is also unpersuasive. In Kordel, the United States Supreme Court addressed the constitutional implications at issue when a governmental entity conducts simultaneous civil and criminal proceedings. The Kordel Court upheld the lawfulness of the parallel investigations. Specifically, the Kordel Court held:

> For [respondent] need not have answered the interrogatories. Without question he could have invoked his Fifth Amendment privilege against compulsory self-incrimination. Surely [respondent] was not barred from asserting his privilege [simply] because the proceeding in which the Government sought information was civil rather than criminal in character.

Id. at 7-8. The New Trump Respondents' argument overlooks the salient fact that they have an absolute right to refuse to answer questions that they claim may incriminate them. Indeed, respondent Eric Trump invoked his right against self-incrimination in response to more than 500 questions during his one-day deposition arising out of the instant proceeding. NYSCEF Doc. No. 630 at 90.

The New Trump Respondents further cite to dicta in Kordel in which the Court stated:

> We do not deal here with a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution; nor with a case where the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; nor with any other special circumstances that might suggest the unconstitutionality or even the impropriety of this criminal prosecution.

Id. at 11-12. For all that appears, we are not presented with any of those situations either. OAG pursued its civil investigation for more than a year without the slightest hint that it was a subterfuge to garner evidence for a criminal investigation in the offing. Notably, as discussed during this morning's oral argument, Donald J. Trump was hardly a stranger to the Attorney General's Office when Ms. James was campaigning to head that office. Ms. James' predecessors had investigated Donald J. Trump's "University" and "Foundation" and achieved significant settlements both times. A candidate for Attorney General would have been completely cognizant that, if elected, she would not be writing on a clean slate.

The New Trump Respondents further assert that public statements made by Attorney General Letitia James demonstrate the "impropriety" of her investigation. In support of this argument, they cite to dozens of public statements that James made, during her election campaign and afterward,

451685/2020  PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 008

Page 4 of 8

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 13 of 21

indicating that she intended to investigate any illegal conduct of respondent Donald J. Trump. The statements range from relatively innocuous ("I believe that the President of these United States can be indicted for criminal offenses") to overtly aggressive ("Oh we're definitely going to sue him. We're gonna be a real pain in his ass. He's going to know my name personally"). NYSCEF Doc. No. 641. Citing Kordel, the New Trump Respondents claim that these statements demonstrate that OAG is acting with the "impropriety" upon which Kordel Court expressly withheld judgment.

However, the New Trump Respondents read Kordel's dicta for far more than it is worth. First, the Kordel Court expressly declined to rule on the situations described in its dicta, and the New Trump Respondents have failed to offer any more recent authority to support any implication that the facts presented here should merit a legal conclusion distinct from that in Kordel. Second, even assuming, *arguendo*, that the Kordel Court had held that those facts require a different outcome, the New Trump Respondents have failed to demonstrate that any of the factual criteria hypothesized in the Kordel dicta are present here. OAG has promptly and repeatedly informed the New Trump Respondents that they could be subject to both civil and criminal prosecution, and OAG's investigation is hardly unsubstantiated. Indeed, this Court's *in camera* review of the thousands of documents responsive to OAG's prior subpoenas demonstrates that OAG has a sufficient basis for continuing its investigation, which undercuts the notion that this ongoing investigation is based on personal animus, not facts and law.

Moreover, Attorney General James, just like respondent Donald J. Trump, was not deprived of her First Amendment rights to free speech when she was a politician running for a public office with investigatory powers. As the United States Court of Appeals for the 7th Circuit has observed:

> Any effort by the judiciary to stop one politician from proposing and advocating steps that injure another politician would do more to violate the First Amendment (the right to advocate one's view of good policy is the core of free speech) than to vindicate the Equal Protection Clause... A class-of-one claim cannot be used to attack political practices that are valid as a general matter but bear especially hard on one politician.

Jones v Markiewicz-Qualkinbush, 892 F3d 935, 939 (7th Cir 2018). As has often been said, that a prosecutor dislikes someone does not prevent a prosecution.

Furthermore, the New Trump Respondents' reliance on 303 W. 42nd St. Corp. v Klein, 46 NY2d 686 (1979), is misplaced. In that case the New York Court of Appeals examined whether the New York State and United States Constitutions require an evidentiary hearing when a petitioner challenging an administrative determination demonstrates with reasonable probability that the administrative determination was a result of unconstitutional First Amendment discrimination. While holding that petitioner was entitled to a hearing, the Court found:

> The underlying right asserted by petitioner is to equal protection of the laws as guaranteed by the 14th Amendment and the New York State Constitution (art I, § 11), one of the governing principles of our society. As enunciated more than a century ago in Yick Wo v Hopkins (118 US 356, 373-374), it forbids a public authority from

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 14 of 21

applying or enforcing an admittedly valid law "with an evil eye
and an unequal hand, so as practically to make unjust and illegal
discriminations between persons in similar circumstances". We
have recognized the principle in cases involving the enforcement
of the criminal laws and the administrative regulation of public
health, safety and morals. To invoke the right successfully,
however, both the "unequal hand" and the "evil eye" requirements
must be proven--to wit, there must be not only a showing that the
law was not applied to others similarly situated but also that the
selective application of the law was deliberately based upon an
impermissible standard such as race, religion or some other
arbitrary classification.

Id. at 693 (internal citations omitted). Here, the New Trump Respondents have failed to submit any
evidence that the law was not applied to others similarly situated, nor have they submitted any
evidence of discrimination based on race, religion, or any other impermissible or arbitrary
classification.

For OAG not to have investigated the original respondents, and not to have subpoenaed the New
Trump Respondents, would have been a blatant dereliction of duty (and would have broken an oft-
repeated campaign promise). Indeed, the impetus for the investigation was not personal animus, not
racial or ethnic or other discrimination, not campaign promises, but was sworn congressional
testimony by former Trump associate Michael Cohen that respondents were "cooking the books."
NYSCEF Doc. No. 644. See Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 332 (1988) ("[i]n
defending his inquiry, the Attorney-General enjoys a presumption that he is acting in good faith").

Additionally, as the New Trump Respondents have failed to demonstrate a "reasonable probability"
of success on the merits, unlike the petitioners in 303 W. 42nd St. Corp., they are not entitled to "an
evidentiary hearing before a judicial tribunal." 46 NY2d at 690.

Accordingly, OAG is not violating any rights that CPL 190.40 and the United States and New York
State Constitutions afford the New Trump Respondents.

This Court notes in passing, and in dicta, that by letter dated February 9, 2022, Mazars USA LLC
("Mazars") (long-time accountant to respondents the Trump Organization and Donald J. Trump),
informed the Trump Organization as follows:

[T]he Statements of Financial Condition for Donald J. Trump for
the years ending June 30, 2011 - June 30, 2020, should no longer
be relied upon and you should inform any recipients thereof who
are currently relying upon one or more of those documents that
those documents should not be relied upon.

We have come to this conclusion based, in part, upon the filings
made by the New York Attorney General on January 18, 2022, our
own investigation, and information received from internal and
external sources. While we have not concluded that the various

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 15 of 21

> financial statements, as a whole, contain material discrepancies,
> based upon the totality of the circumstances, we believe our advice
> to you to no longer rely upon those financial statements is
> appropriate.
>
> As we have stated in the Statements of Financial Condition,
> Mazars performed its work in accordance with professional
> standards.

NYSCEF Doc. No. 646. Upon this statement becoming public, on February 14, 2022, a
spokesperson for the Trump Organization released the following statement to various media outlets:

> [Mazars'] February 9, 2022 letter confirms that after conducting a
> subsequent review of all prior statements of financial condition,
> Mazars' work was performed in accordance with all applicable
> accounting standards and principles and that such statements of
> financial condition do not contain any material discrepancies. This
> confirmation effectively renders the investigations by the DA and
> AG moot.

https://www.washingtonpost.com/business/2022/02/14/trump-accountant-financial-statements/, last
accessed February 16, 2022.

The idea that an accounting firm's announcement that no one should rely on a decade's worth of
financial statements that it issued based on numbers submitted by an entity somehow exonerates
that entity and renders an investigation into its past practices moot is reminiscent of Lewis Carroll
("When I use a word, Humpty Dumpty said … it means just what I chose it to mean – neither more
nor less"); George Orwell ("War is peace, freedom is slavery, ignorance is strength"); and
"alternative facts."

The New Trump Respondents' lawyers have submitted serious, substantive, sophisticated legal
arguments in support of quashing the subject subpoenas. Although this Court finds those arguments
wanting, they are plausible and learned, and counsel made them in good faith. To proclaim that the
Mazars' red-flag warning that the Trump financial statements are unreliable suddenly renders the
OAG's longstanding investigation moot is as audacious as it is preposterous.

The Discretionary Stay
As an alternative to quashing the subject subpoenas, the New Trump Respondents ask this Court to
exercise its discretion by granting a stay pursuant to CPLR 2201, which states: "Except where
otherwise prescribed by law, the court in which an action is pending may grant a stay of
proceedings in a proper case, upon such terms as may be just."

Relying on Access Cap., Inc. v DeCicco, 302 AD2d 48, 52 (1st Dep't 2002), which held "[i]t is
settled that invoking the privilege against self-incrimination is generally an insufficient basis for
precluding discovery in a civil matter," OAG asserts that the New Trump Respondents have not
demonstrated a sufficient basis for a stay. The New Trump Respondents argue that OAG's reliance
on Access Cap., Inc. is baseless, as the facts at issue in that case did not involve the same

Case 1:21-cv-01352-BKS-CFH   Document 26-1   Filed 02/28/22   Page 16 of 21

prosecutor's office working on both a civil and criminal investigation. However, the legal principle remains the same regardless of any factual distinctions. Indeed, it is well settled: "[t]hat defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim." Paine, Webber, Jackson & Curtis Inc. v Malon S. Andrus, Inc., 486 F Supp 1118, 1119 (SDNY 1980); see also In re 650 Fifth Ave., 2011 WL 3586169 at 15 (SDNY Aug. 12, 2011), aff'd 2012 WL 363118 at 1 (SDNY Feb. 2, 2012) (denying stay and holding "the Constitution does not guarantee that the exercise of Fifth Amendment rights will be without cost in the civil arena").

The target of a hybrid civil/criminal investigation cannot use the Fifth Amendment as both a sword and a shield; a shield against questions and a sword against the investigation itself. When they are deposed, the New Trump Respondents will have the right to refuse to answer any questions that they claim might incriminate them, and that refusal may not be commented on or used against them in a criminal prosecution. However, there is no unfairness in allowing the jurors in a civil case to know these refusals and to draw their own conclusions. El-Dehdan v El-Dehdan, 26 NY3d 19, 37 (2015) ("a negative inference may be drawn in the civil context when a party invokes that right against self-incrimination").

Accordingly, the Court, in its discretion, declines to issue a stay of OAG's civil investigation into the New Trump Respondents.

The Court has considered the New Trump Respondents' other arguments, including that OAG is violating their right to equal protection, and finds them to be unavailing and/or non-dispositive.

In the final analysis, a State Attorney General commences investigating a business entity, uncovers copious evidence of possible financial fraud, and wants to question, under oath, several of the entities' principals, including its namesake. She has the clear right to do so.

Conclusion
Thus, for the reasons stated herein, the motion of respondents Donald J. Trump, Ivanka Trump, and Donald Trump, Jr. to quash the subpoenas that the New York State Office of Attorney General issued to them or, in the alternative, to stay petitioner's civil investigation, is hereby denied, and petitioner's cross-motion to compel is hereby granted. Respondent Donald J. Trump is hereby ordered: (1) to comply in full, within 14 days of the date of this order, with that portion of the Office of the Attorney General's subpoena seeking documents and information; and (2) to appear for a deposition within 21 days of the date of this order. Respondents Ivanka Trump and Donald Trump Jr. are also hereby ordered to appear for depositions within 21 days of the date of this order.

| 2/17/2022 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARTHUR ENGORON, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X  OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

451685/2020  PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.          Page 8 of 8
Motion No. 008

SUPREME COURT OF THE STATE OF NEW
YORKCOUNTY OF NEW YORK
PEOPLE OF THE STATE OF NEWYORK, by
LETITIA JAMES,
Attorney General of the State of NewYork,

                         Petitioner,

       -against-

THE TRUMP ORGANIZATION, INC.; DJT
HOLDINGS LLC; DJT HOLDINGS
MANAGING MEMBER LLC; SEVEN
SPRINGS LLC; ERIC TRUMP; CHARLES
MARTABANO; MORGAN, LEWIS&
BOCKIUS, LLP; SHERI DILLON, MAZARS
USA LLC, DONALD J. TRUMP, DONALD
TRUMP, JR. and IVANKA TRUMP,

                      Respondents.

Index No. 451685/2020

**Affirmation of Service**

---

RICHARD F. BRUECKNER affirms:

1.      I am not a party to the within action, am over the age of eighteen (18) years of age and reside in Morristownship, New Jersey.

2.      On the 28th day of February 2022, through the New York State Courts Electronic Filing System, I filed with the Court and served electronically the Notice of Entry on the Petitioner, Letitia James as Attorney General of the State of New York.  I served an additional copy of the above via email to:

      Colleen Faherty
      THE OFFICE OF THE ATTORNEY
      GENERAL OF THE STATE OF NEW
      YORK
      Colleen.Faherty@ag.ny.gov

      Kevin Wallace
      THE OFFICE OF THE ATTORNEY
      GENERAL OF THE STATE OF NEW
      YORK
      Kevin.Wallace@ag.ny.gov

          */s/  Richard Brueckner*
          RICHARD F. BRUECKNER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br>Attorney General of the State of NewYork,<br><br>           Petitioner-Respondent,<br><br>     -against-<br><br>THE TRUMP ORGANIZATION, INC.; DJT HOLDINGS LLC; DJT HOLDINGS MANAGING MEMBER LLC; SEVEN SPRINGS LLC; ERIC TRUMP; CHARLES MARTABANO; MORGAN, LEWIS& BOCKIUS, LLP; SHERI DILLON, MAZARS USA LLC, DONALD J. TRUMP, DONALD TRUMP, JR. and IVANKA TRUMP,<br><br>          Respondents-Appellants. | Index No. 451685/2020<br><br>**Affirmation of Service** |

RICHARD F. BRUECKNER affirms:

1.      I am not a party to the within action, am over the age of eighteen (18) years of age and reside in Morris Township, New Jersey.

2.      On the 28th day of February 2022, through the New York State Courts Electronic Filing System, I filed with the Court and served electronically the Notice of Appeal on the Petitioner, Letitia James as Attorney General of the State of New York.  I served an additional copy of the above via email to:

| | |
|---|---|
| Colleen Faherty<br>THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK<br>Colleen.Faherty@ag.ny.gov | Kevin Wallace<br>THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK<br>Kevin.Wallace@ag.ny.gov |

                                    */s/  Richard Brueckner*
                                   RICHARD F. BRUECKNER

3




# NYSCEF Confirmation Notice

## New York County Supreme Court

The NYSCEF website has received an electronic filing on 02/28/2022 03:43 PM. Please keep this notice as a confirmation of this filing.

**451685/2020**

**The People of the State of New York, by Letitia James, Attorney General of the State of New York v. The Trump Organization, Inc. et al**

**Assigned Judge: Arthur F. Engoron**

## Documents Received on   02/28/2022 03:43 PM

| Doc # | Document Type |
|-------|---------------|
| 656   | NOTICE OF APPEAL |

## Filing User

Alan Samuel Futerfas | asfuterfas@futerfaslaw.com

565 5th Ave Fl 7, New York, NY 10017

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**

Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**

Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile




# NYSCEF Confirmation Notice
## New York County Supreme Court

**451685/2020**
**The People of the State of New York, by Letitia James, Attorney General of the State of New York v. The Trump Organization, Inc. et al**
**Assigned Judge: Arthur F. Engoron**

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/28/2022 03:43 PM:

**Nathan J. Andrisani - nathan.andrisani@morganlewis.com**
**GRAEME W. BUSH - gbush@zuckerman.com**
**GEORGE J. CALCAGNINI - gcalcagnin@aol.com**
**GEORGE J. CALCAGNINI - GCalcagnin@aol.com**
**AMY D. CARLIN - acarlin@lhrgb.com**
**COLLEEN K. FAHERTY - colleen.faherty@ag.ny.gov**
**ALEX W. FINKELSTEIN - Alex.Finkelstein@ag.ny.gov**
**RONALD P. FISCHETTI - rpfischetti@gmail.com**
**ALAN S. FUTERFAS - asfuterfas@futerfaslaw.com**
**ALAN G. GARTEN - agarten@trumporg.com**
**ALINA S. HABBA - ahabba@habbalaw.com**
**ERIC R. HAREN - eric.haren@ag.ny.gov**
**SANFORD J. HAUSLER - Shausler@lhrgb.com**
**DAVID N. KITTREDGE - DKITTREDGE@lhrgb.com**
**MARC L. MUKASEY - marc.mukasey@mukaseylaw.com**
**MARY MULLIGAN - mmulligan@fklaw.com**
**Zane D. Memeger - zane.memeger@morganlewis.com**
**LAWRENCE S. ROSEN - LROSEN@lhrgb.com**
**LOUIS M. SOLOMON - louis.solomon@ag.ny.gov**
**TIMOTHY J. STEPHENS - Timothy.Stephens@morganlewis.com**
**AUSTIN L. THOMPSON - Austin.Thompson@ag.ny.gov**
**KEVIN C. WALLACE - kevin.wallace@ag.ny.gov**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 3



# NYSCEF Confirmation Notice
## New York County Supreme Court



**451685/2020**

**The People of the State of New York, by Letitia James, Attorney General of the State of New York v. The Trump Organization, Inc. et al**

**Assigned Judge: Arthur F. Engoron**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | Ivanka Trump | No consent on record. |
| Respondent | Donald Trump | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**

Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

---

**NYSCEF Resource Center, nyscef@nycourts.gov**

Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile