# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Petitioner,<br><br>-against-<br><br>THE TRUMP ORGANIZATION, INC.; DJT HOLDINGS LLC; DJT HOLDINGS MANAGING MEMBER LLC; SEVEN SPRINGS LLC; ERIC TRUMP; CHARLES MARTABANO; MORGAN, LEWIS & BOCKIUS, LLP; SHERI DILLON; DONALD J. TRUMP; DONALD TRUMP, JR.; and IVANKA TRUMP,<br><br>Respondents. | Index No. 451685/2020<br><br>**ORDER REGARDING TRUMP ORGANIZATION SUBPOENA RESPONSE** |

WHEREAS, the Court held a compliance conference with the Office of the Attorney General ("OAG"), the Trump Organization, and HaystackID, the Trump Organization's selected third-party eDiscovery vendor, which was approved by OAG;

WHEREAS, there is disagreement as to the level of detail provided in the reports issued to date by HaystackID;

WHEREAS, the Court has continuing authority to oversee enforcement of the subpoenas issued to Respondent the Trump Organization by OAG;

Upon the foregoing papers,[1] it is ordered that:

1.  Within one week of the date of this Order, and every week thereafter, HaystackID shall submit to the Court and parties a detailed report (the "Haystack Report") with a timeline for

---

[1] Including NYSCEF Nos. 314 and 661 – 666 and materials submitted *in camera*.

completion of each of the duties it has been assigned under the September 2, 2022 Stipulated Order, NYSCEF No. 314.; and

2. The Haystack Report must specify Haystack's findings to date regarding its duties under paragraphs 1-4 of the Stipulated Order, including detail regarding:

   a. every device identified in connection with paragraph 1 of the stipulated order;

   b. identifying information on every potential custodian identified under paragraph 2 of the stipulated order

   c. any information relevant to the stipulated order from any interview of a potential custodian;

   d. detailed information on every potential custodian identified but not yet interviewed, including the expected interview date, and the reason, if any, the custodian has not yet been interviewed;

   e. every likely location of responsive records identified in connection with paragraph 3 of the stipulated order;

   f. a timeline for the completion of each of the duties it has been assigned under the Stipulated Order; and

   g. if the timeline has changed since its previous submission, the reasons therefor.

3. By April 20, 2022 the Trump Organization must submit a report (the "Trump Organization Report") in response to the first detailed Haystack Report, identifying its progress collecting, reviewing, and producing documents from each device, custodian, and location of potentially responsive information above. The Trump Organization Report must specifiy, as much as reasonably possible, the quantities of documents collected, reviewed, and produced, and the quantities of documents reviewed from each device or likely location of responsive records;

The Trump Organization shall continue to submit a response one week after the issuance of every detailed Haystack Report going forward; and

4. The Trump Organization must make best efforts to provide or obtain access to all potential custodians, and, in each Trump Organization Report, must also explain why any potential custodian HaystackID has identified has not yet been interviewed; and

5. HaystackID shall complete its obligations under the Stipulated Order no later than April 22, 2022; and

6. The Trump Organization shall comply in full with OAG's subpoenas, with the exception of the certification, privilege log, clawbacks and downgrades, by April 15, 2022; The Trump Organization shall produce its certification, privilege, clawbacks, and downgrade log no later than April 29, 2022.

7. The Parties are directed to appear for an in-person status conference on April 25, 2022 at 10:00 am.

Dated: New York, New York
       March 28, 2022

SO ORDERED: _____

Hon. Arthur Engoron, J.S.C.