# EXHIBIT 1

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: HON. ARTHUR ENGORON | PART 37 |
| Justice | |

-----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

INDEX NO.　　451685/2020

MOTION DATE　　04/08/2022

MOTION SEQ. NO.　　009

Petitioner,

- v -

THE TRUMP ORGANIZATION, INC., DJT HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER LLC, SEVEN SPRINGS LLC, ERIC TRUMP, CHARLES MARTABANO, MORGAN, LEWIS & BOCKIUS LLP, SHERI DILLON, DONALD J. TRUMP, IVANKA TRUMP, and DONALD TRUMP, JR.,

**DECISION + ORDER ON MOTION**

Respondents.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 668, 669, 670, 671, 672, 673, 674, 675, 695, 696, 720, 721, 722, 723, 724, 725, 726, 744
were read on this motion for　　　　CONTEMPT　　　　.

Upon the foregoing documents, it is hereby ordered that petitioner's motion to hold respondent Donald J. Trump in contempt of court is granted.

Background

In this special proceeding, familiarity with which the Court will assume, petitioner, the People of the State of New York, by Letitia James, Attorney General of the State of New York (hereinafter, "OAG") seeks to hold respondent Donald J. Trump in contempt of court for failing to comply with this Court's February 17, 2022 Decision and Order compelling him to produce certain documents.

On December 2, 2021, OAG served a subpoena on Donald J. Trump that sought, inter alia[1], documents and evidence, to be produced by December 17, 2021. Mr. Trump subsequently moved to quash such subpoena, which this Court denied on February 17, 2022. Said Decision and Order directed Mr. Trump to "comply in full, within 14 days of the date of this order, with that portion of the [OAG's] subpoena seeking documents and information." NYSCEF Doc. No. 654.

---

[1] OAG also served a subpoena for Donald J. Trump's testimony, which this Court compelled on February 17, 2022, and is currently on appeal before the Appellate Division, First Department.

451685/2020 PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 009

Page 1 of 3

1 of 3

OAG and Mr. Trump subsequently entered into a stipulation, which this Court so-ordered, to extend the document production deadline from March 3, 2022 to March 31, 2022. The stipulation states that "Respondent Donald J. Trump shall comply in full with that portion of the OAG subpoena seeking documents and information by March 31, 2022." NYSCEF Doc. No. 660.

Instead of producing the documents called for in the subpoena, on March 31, 2022, Mr. Trump produced 16 pages of boilerplate objections and a four-page affirmation by counsel that states, summarily, that Mr. Trump was unable to locate any responsive documents in his custody. The affirmation fails to identify what search methods were employed, where they were employed, by whom they were employed, and when such searches took place.

OAG has moved to hold Mr. Trump in contempt and asks this Court to impose a sanction of $10,000 per day until Mr. Trump complies in full with OAG's subpoena.

Discussion
Judiciary Law § 753(A)(1) provides, in pertinent part, that: "[a] court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases:… for disobedience to a lawful mandate of the court."

Additionally, CPLR 5104 provides that "[a]ny interlocutory or final judgment or order, or any part thereof, not enforceable under either article fifty-two or section 5102 may be enforced by serving a certified copy of the judgment or upon the party or other person required thereby or by law to obey it and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court."

Mr. Trump waived the right to raise boilerplate objections to the subpoena by not timely bringing such challenges in his motion to quash. "A motion to quash or vacate, of course, is the proper and exclusive vehicle to challenge the validity of a subpoena." Brunswick Hosp. Ctr., Inc. v Hynes, 52 NY2d 333, 339 (1981) (further finding that "[a]ny other rule would open the door to never-ending challenges to the validity of subpoenas, perhaps even years after initial issuance and compliance"). Accordingly, it was wholly improper for Mr. Trump to raise boilerplate objections to the subpoena after failing to raise such objections in his motion to quash. Furthermore, having stipulated to produce all the documents by March 31, 2022, Mr. Trump may no longer challenge the validity of the subpoena.

Furthermore, the "compliance affirmation" submitted by counsel for Mr. Trump is woefully inadequate, both under the terms of the subpoena and under controlling New York case law, which require an affiant conducting a search for records to attest to the "who," "what," "where," "when," and "how" the search was conducted. Jackson v City of New York, 185 AD2d 768, 770 (1st Dep't 1992) (holding that "[h]ere, after years of delay, the affidavit presented by the [defendant] made no showing as to where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found").

451685/2020 PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.
Motion No. 009

Page 2 of 3

2 of 3

For example, Mr. Trump has not refuted, with admissible evidence, OAG's detailed assertions that he failed to search numerous file cabinets in various locations. NYSCEF Doc. No. 744.

In short, the affidavit provided the Court with no basis to find that the search had been a thorough one or that it had been conducted in a good faith effort to provide these necessary records to plaintiff. Not only did Mr. Trump fail to submit an affidavit himself, which this Court believes would have been the best practice, as he is the most obvious person to affirm where any responsive documents in his possession, custody, and control would be located, but the attorney affirmation submitted on behalf of Mr. Trump contained only conclusory statements, rather than details of a diligent search.

Accordingly, Mr. Trump has willfully disobeyed a lawful order of this Court.

> In order to find that contempt has occurred in given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party. Finally, prejudice to the right of a party to the litigation must be demonstrated.

McCormick v Axelrod, 59 NY2d 574, 583 (1983) (internal citations omitted).

OAG, the people's representative, correctly states that any delay causes prejudice to "the rights or remedies of the State acting in the public interest." State v Stallings, 183 AD2d 574, 575 (1st Dep't 1992) (affirming motion for contempt brought on behalf of State). Moreover, each day that passes without compliance further prejudices OAG, as the statutes of limitations continue to run and may result in OAG being unable to pursue certain causes of action that it otherwise would.

Accordingly, OAG has satisfied its burden of demonstrating that Mr. Trump willfully disobeyed a lawful court order of which he had knowledge, prejudicing OAG. The purpose of civil contempt is not to punish, but, rather, to coerce and/or to compensate. OAG seeks to fine Mr. Trump $10,000 per day until he satisfies his obligations, which this Court, which has wide discretion in such matters, finds to be reasonable.

Thus, Donald J. Trump is in contempt of Court and must pay a fine of $10,000 per day, from the date of this Decision and Order, until he purges such contempt to the satisfaction of this Court.

| 4/26/2022 | | ARTHUR ENGORON, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

451685/2020 PEOPLE OF THE STATE OF vs. TRUMP ORGANIZATION, INC.   Page 3 of 3
Motion No. 009