# EXHIBIT 2

Case 1:21-cv-01352-BKS-CFH Document 32-2 Filed 05/03/22 Page 2 of 3

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. ARTHUR ENGORON**           PART _____    37_____

                                      *Justice*

-----------------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

                           Petitioner,

                    - v -

THE TRUMP ORGANIZATION, INC., DJT HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER LLC, SEVEN SPRINGS LLC, ERIC TRUMP, CHARLES MARTABANO, MORGAN, LEWIS & BOCKIUS LLP, SHERI DILLON, DONALD J. TRUMP, IVANKA TRUMP, DONALD TRUMP JR., and CUSHMAN AND WAKEFIELD, INC.,

                          Respondents.

-----------------------------------------------------------------------------X

INDEX NO.     451685/2020

OPINION AND ORDER

Following a virtual conference held on April 29, 2022, at the request of respondent Donald J. Trump, this Court hereby denies, without prejudice, Mr. Trump's request to purge his contempt.

On Monday, April 25, 2022, this Court held Mr. Trump in contempt of court for failure to supply documents, or sufficient affidavits of diligent searches, to petitioner, the Office of the Attorney General ("OAG"), in response to its subpoena issued to Mr. Trump on December 2, 2021.

On April 27, 2022, Mr. Trump's counsel emailed this Court two affirmations from counsel and one affidavit from Mr. Trump himself, in an attempt to purge the contempt. NYSCEF Doc. No. 765. On April 29, 2022, OAG submitted a letter response stating that it did not believe Mr. Trump had sufficiently complied with the subpoena such that his contempt should be purged. NYSCEF Doc. No. 766. At the request of Mr. Trump, this Court held a virtual conference to discuss the submissions.

This Court finds that Mr. Trump has not yet purged his contempt. The affirmations submitted by counsel for Mr. Trump are insufficient in that they fail to specify who searched for each respective request, at what time, where, and using what search protocols; it is not sufficient simply to attach a list of people who participated in the searches. Moreover, the affirmations submitted by counsel also fail to affirm that the subject electronic devices were imaged and searched and with what search terms.

Furthermore, Mr. Trump's personal affidavit is completely devoid of any useful detail. Notably, it fails to state where he kept his files, how his files were stored in the regular course of business, who had access to such files, what, if any, the retention policy was for such files, and,

## OTHER ORDER – NON-MOTION

importantly, where he believes such files are currently located. It similarly fails to state if he turned over his personal electronic devices for imaging and searching. Thus, this Court now hereby orders Mr. Trump to submit a detailed "Jackson affidavit," swearing to the aforesaid details in order to purge his contempt. See Jackson v City of New York, 185 AD2d 768, 770 (1st Dep't 1992).

Moreover, counsel's claim that her conversations with respondent about the locations of the subpoena are covered by attorney-client privilege is without merit, as the mere identification of responsive documents does not involve "render[ing] legal advice or services to the client." Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379 (1991).

Finally, the Court rejects Mr. Trump's assertions that OAG is not suffering any prejudice as a result of Mr. Trump's failure to comply. As this Court has previously noted, each day that passes without compliance further prejudices OAG, as the statutes of limitations continue to run and may result in OAG being unable to pursue certain causes of action that it otherwise would. Furthermore, any delay causes prejudice to "the rights or remedies of the State acting in the public interest." State v Stallings, 183 AD2d 574, 575 (1st Dep't 1992) (affirming motion for contempt brought on behalf of State).

Thus, Mr. Trump's request to purge his contempt is denied, without prejudice.

DATE: 4/29/2022

ARTHUR ENGORON, JSC

Check One:          [ ] Case Disposed          [X] Non-Final Disposition

Check if Appropriate:   [ ] Other (Specify _____ )