# EXHIBIT 1

FILED: APPELLATE DIVISION - 1ST DEPT 05/26/2022 10:39 AM   2022-00814
NYSCEF DOC. NO. 26                                         RECEIVED NYSCEF: 05/26/2022

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Acosta, P.J., Singh, Moulton, Kennedy, JJ.

| | | |
|---|---|---|
| 16056 | In the Matter of PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br>          Petitioner-Respondent,<br><br>                    -against-<br><br>THE TRUMP ORGANIZATION, INC., et al.,<br>          Respondents,<br><br>DONALD J. TRUMP et al.,<br>          Respondents-Appellants. | Index No. 451685/20<br>Case No. 2022-00814 |

---

Law Offices of Alan S. Futerfas, New York (Alan S. Futerfas of counsel), for appellants.

Letitia James, Attorney General, New York (Judith N. Vale of counsel), for respondent.

---

Order, Supreme Court, New York County (Arthur Engoron, J.), entered February 28, 2022, which, insofar as appealed from as limited by the briefs, denied appellants' motion to quash subpoenas issued by the Office of the Attorney General (OAG) on December 21, 2021 to the extent they seek appellants' depositions, and granted OAG's supplemental verified petition and cross motion to compel appellants' prompt compliance with the subpoenas' deposition and document demands, unanimously affirmed, without costs.

In this special proceeding commenced by OAG under Executive Law § 63(12) and CPLR article 4 in connection with the civil investigation into whether respondents have committed persistent fraud in their financial practices and disclosures, Supreme Court

properly rejected appellants' arguments that the subpoenas issued by OAG should be quashed.

The existence of a criminal investigation does not preclude civil discovery of related facts, at which a party may exercise the privilege against self-incrimination (*see Stuart v Tomasino*, 148 AD2d 370, 373 [1st Dept 1989]; *Matter of Grandview Dairy v Lefkowitz*, 76 AD2d 776, 777 [1st Dept 1980]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 19-20 [2d Dept 2013], *affd* 26 NY3d 19 [2015]). Individuals have no constitutional or statutory right to be called to testify before a grand jury under circumstances that would give them immunity from prosecution for any matter about which they testify; although subjects of a grand jury proceeding have a statutory right to appear and testify, this right is conditioned upon the witness waiving the right to immunity and giving up the privilege against self-incrimination (CPL 190.50[5]; *People v Smith*, 87 NY2d 715, 719 [1996]). The political campaign and other public statements made by OAG about appellants do not support the claim that OAG initiated, or is using, the subpoenas in this civil investigation to obtain testimony solely for use in a criminal proceeding or in a manner that would otherwise improperly undermine appellants' privilege against self-incrimination (*see United States v Kordel*, 397 US 1, 11-12 [1970]). Neither does the record suggest that, in the absence of a civil investigation, OAG would be likely to grant immunity to appellants – the primary subjects of the criminal investigation – to secure their grand jury testimony. Thus, the subpoenas did not frustrate any right to testify with immunity.

Furthermore, based on the record evidence, Supreme Court properly declined to require an evidentiary hearing on the scope and degree of OAG's coordination with the New York County District Attorney's office. The civil investigation was initiated in

March 2019 after testimony before Congress by Michael Cohen, former Trump Organization senior executive and special counsel, in which Cohen alleged that respondent The Trump Organization, Inc. had issued fraudulent financial statements. This sequence of events suggests that the investigation was lawfully initiated at its outset and well founded, apart from any parallel criminal investigation undertaken by the District Attorney (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 332 [1988]; *United States v Stringer*, 535 F3d 929, 939 [9th Cir 2008], *cert denied* 555 US 1049 [2008]).

      To the extent a selective prosecution claim may, in some circumstances, defeat a subpoena in a civil investigation, the court properly rejected appellants' arguments. A claim of selective prosecution requires a showing "that the law has been administered 'with an evil eye and an unequal hand'" (*People v Goodman*, 31 NY2d 262, 269 [1972], quoting *Yick Wo v Hopkins*, 118 US 356, 373-374 [1886]). A party must show that it was selectively treated, compared with others similarly situated, and that such treatment was based on impermissible considerations (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631-632 [2004]). OAG began its investigation after public testimony of a senior corporate insider and reviewed significant volumes of evidence before issuing the subpoenas. Appellants have not identified any similarly implicated corporation that was not investigated or any executives of such a corporation who were not deposed. Therefore, appellants have failed to demonstrate that they were treated differently from

3

any similarly situated persons (*see id.* at 632; *compare Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 696 [1979] [the petitioner established selective prosecution by showing at least 21 similarly situated entities that had been treated more favorably]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2022

*Susanna Molina Rojas*
Clerk of the Court

4